

# NUMBER 13-24-00478-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF E.L.R., A CHILD

## ON APPEAL FROM THE 347TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva**

On October 2, 2024, appellant Celeste M. Banda a/k/a Celeste Marie Banda filed a pro se notice of appeal from an "order that was put in place on Sept[ember] 24, 2024[,] by the judge for child support." However, appellant did not provide the Court with a copy of that order, and the district clerk has informed us that the record does not contain a judgment or order subject to appeal. On October 8, 2024, the Clerk of the Court notified appellant that it appeared that there was not a final, appealable order. The Clerk requested correction of this defect, if possible, and advised appellant that the appeal

would be dismissed if the defect was not corrected within ten days. *See* TEX. R. APP. P. 37.1, 42.3(a), (c). Appellant did not respond to the Clerk's notice.

"'Courts are empowered to note potential jurisdictional defects sua sponte,' and by doing so, a court 'discharges its duty to ensure that the court itself is functioning in an authorized and properly judicial capacity.'" *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation Dist. No. 1*, 669 S.W.3d 178, 185 (Tex. 2023) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867, 869 (Tex. 2023)). Generally, appeals may be taken only from final judgments. *CPS Energy v. Elec. Reliability Council of Tex.*, 671 S.W.3d 605, 614 (Tex. 2023); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Statutes that specifically authorize interlocutory appeals provide an exception to this general rule. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020); *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing several interlocutory orders that may be appealed).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Appellant has not shown that she is appealing from a final judgment or that her appeal is otherwise authorized by statute. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
30th day of January, 2025.

2